UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Salaad F. Mahamed,

      Plaintiff,     **MEMORANDUM OPINION**
                 **AND ORDER**
 v.              Civil No. 07-4815 ADM/FLN

Sheriff Bruce M. Anderson, Sergeant
Tom Zerwas, and Sergeant Steve
Pedersen,

      Defendants.

_____

Salaad F. Mahamed, pro se.

Daniel P. Kurtz, Esq., Everett Law, LLC, Buffalo, MN, appeared for and on behalf of the Defendants.

_____

On November 21, 2008, the undersigned United States District Judge heard oral argument on Defendants Bruce Anderson, Tom Zerwas, and Steve Pedersen's Motion for Summary Judgment [Docket No. 32]. For the reasons set forth below, Defendants' motion is granted.

This action was filed on December 12, 2007 by Plaintiff Salaad Mahamed ("Mahamed") pursuant to 42 U.S.C. § 1983 alleging that Defendants violated his civil rights while he was a pre-trial detainee at the Sherburne County Jail. Mahamed also moved for the Court to appoint an attorney for him. Motion to Appoint Counsel [Docket No. 5]. On February 14, 2008, Magistrate Judge Franklin L. Noel denied the motion finding that the case was not so factually or legally complex to require the appointment of counsel. February 14, 2008 Order [Docket No. 10] at 2. A scheduling order was then issued requiring discovery to be completed and non-dispositive

motions to be filed by September 1, 2008 and requiring all dispositive motions by October 1, 2008. Pretrial Scheduling Order [Docket No. 11]. From February 22 until at least March 25, all attempts by the Court to mail copies of these orders to Mahamed were returned as undeliverable. [Docket Nos. 12-15]. In May, Mahamed attended a hearing before Judge Noel, updated his address with the Court, and Judge Noel recommended that Mahamed contact the Volunteer Lawyers Network ("VLN") to see if a lawyer would be willing to represent him. See Letter to Mr. Mahamed [Docket No. 22]. There was no record with the Court that Mahamed contacted the VLN.

On October 7, 2008, Defendants submitted their Motion for Summary Judgment. Mahamed did not respond to this motion. He did, however, attend the oral argument for that motion on November 21, 2008. At the hearing, Mahamed explained that the reason he had not responded to the motion was that his wife had died, and he had to leave the city to take care of their children. He also claimed that he had contacted the VLN, but the attorney he was referred to did not pursue his action. The Court granted Mahamed an extension of one month, until December 22, to file a response to Defendants' motion. The Court also recommended that Mahamed contact the VLN about representation.

On December 12, 2008, the Court received a letter from Stephen L. Smith, stating that Mahamed had recently retained his firm to represent him. Smith Letter [Docket No. 41]. In the letter, Mahamed requests that the Court allow him to voluntarily dismiss the Complaint without prejudice. Id. In the alternative, he requests permission to file a motion to amend the Complaint and conduct additional discovery. Barring those requests, he asks for an extension to January 5, 2009 to file his response to Defendants' summary judgment motion. In a letter written in

response to the December 12 communication to the Court, Defendants object to any further extension to prolong this litigation.  Kurtz Letter [Docket No. 42].

While the Court is not unsympathetic to Mahamed's circumstances, this case has been pending for over a year.  Mahamed has now had two opportunities to secure counsel in a timely fashion, but has failed to do so.  His first opportunity, as recommended by Judge Noel, was in May, and he did not obtain counsel prior to a November hearing.  Even given the passing of his wife, he had seven months to obtain representation to pursue his claim.  Meanwhile, Defendants were expending time and money preparing to defend this case.  This Court gave Mahamed another opportunity following the November hearing to find representation in a timely fashion.  At that hearing, the Court emphasized for Mahamed that it was being lenient in allowing him extra time to find representation and respond to Defendants' motion.  The Court also made clear that December 22 was a firm deadline, and he needed to act quickly to secure representation.  It appears that instead of making the most of this opportunity, Mahamed did not immediately seek an attorney.  At this point, the prejudice to Defendants outweighs Mahamed's requests.  Additionally, because it appears that he will be unable to respond to Defendants' Motion for Summary Judgment, that motion is granted.

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment [Docket No. 32] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

BY THE COURT:


     s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: December 22, 2008.